# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HOWARD E. MEYER, an individual,**

      **Plaintiff,**

*vs*.                                      **CIVIL ACTION NO. 2:06CV59/63**

**ALPINE LAKE PROPERTY OWNERS'
ASSOCIATION, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On November 7, 2006, Plaintiff filed his Motion to Enforce Settlement [Docket Entry 19]. Defendant filed its Response to Plaintiff's Motion to Enforce Settlement on November 21, 2006 [Docket Entry 20]. Plaintiff filed his Reply to Defendant's Response in Opposition to Motion to enforce Settlement on December 1, 2006 [Docket Entry 21].

From the pleadings, it appears that the matter was mediated on August 7, 2006 in accord with the Order of the Court. The mediation was presided over by David Ward Murphy, mediator, in Pittsburgh, Pennsylvania. David Ward Murphy is now dead.

It further appears that the parties each believed a settlement was reached as a result of the mediation. It was reported to the Court that a settlement had been reached. Subsequent to the parties announcement to the Court that a mediated settlement had been reached, during the process of the preparation of documents necessary to the execution of the settlement, a dispute arose between the parties with respect to their respective understandings of the terms of settlement. Plaintiff contends that Defendant has attempted to add a term or condition to the parties' settlement that would terminate Plaintiff's "right to development/sales classification" as of December 31, 2010" and that he would thereafter have no right to extend that classification based upon any of the governing documents or any other legal theory. Plaintiff contends that this additional term or condition was not negotiated or bargained for during the mediation and was not part of the mediated agreement. Defendant, on the

other hand, asserts that said term or condition was part of the mediated agreement between Plaintiff and Defendant. There is no written or audio record of the mediation process. There is no written memorandum or other document contemporaneously memorializing the terms and conditions of the settlement reached during mediation. There are post-mediation documents prepared by each of the parties asserting their respective positions with respect to the disputed settlement.

L.R.Civ.P. 16.06(e) provides: "Mediators shall maintain strict confidentiality with respect to all information that is communicated by the parties and their counsel in connection with the settlement week conferences. The only information relative to an individual conference that will be reported to the Court by the mediator will be: 1) the fact that the conference was actually held; 2) whether the mediator intends to conduct further mediation in the case in the future; and 3) whether, in the opinion of the mediator, the case should continue routinely through the judicial process or might profit from being scheduled for a status or settlement conference before the Court. . . . Mediation shall be regarded as confidential settlement negotiations, subject to Rule 408 of the Federal Rules of Evidence. . . . A mediator may not be subpoenaed or called to testify or otherwise be subject to process requiring disclosure of confidential information in any proceeding relating to or arising out of the dispute mediated."

"A meeting of the minds of the parties is a sine qua non of all contracts." It is apparent to the undersigned there was no meeting of the minds with regard to the settlement. It is further apparent to the undersigned that in order to attempt a resolution of the parties' dispute with respect to what agreement was or was not actually reached, the Court would have to invade the mediation process in direct contravention of its own rule. While "[t]he law favors and encourages the resolution of controversies by contracts of compromise and settlement, rather than by litigation; it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy" . ... that "[p]ublic policy did not compel the enforcement of a

settlement agreement and release prepared by defendants after the mediator prepared a settlement agreement; the defendants' document included terms that differed in substance from those set forth in the mediation settlement agreement." Riner v. Newbraugh, 211 W.Va. 137, 563 S.E.2d 802 (2002).

Therefore, in the absence of a clearly defined agreement of settlement containing undisputed specific terms, there is no settlement agreement to enforce. The facts and dispute relating to the lack of agreement are clear from the filings and do not require an evidentiary hearing.

Accordingly, it is the undersigned's **RECOMMENDATION** to the District Judge that the Plaintiff's Motion to Enforce Settlement (Docket Entry 19) be **DENIED** and that this matter be referred to the undersigned Magistrate Judge pursuant to the provisions of Rule 16 to conduct scheduling and other such pretrial proceedings, including discovery and future mediation, in order to ready the case for ultimate disposition by trial.

Any party may, within ten (10) days after being served with a copy of this Recommendation for Disposition, file with the Clerk of the Court written objections identifying the portions of the Proposed Findings of Fact and Recommendation for Disposition to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Proposed Findings of Fact and Recommendation for Disposition set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail an authenticated copy of this Report and

Recommendation to counsel of record.

Respectfully submitted this 8th day of December, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE