IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HOWARD E. MEYER, an individual,

    Plaintiff,

vs.                                      CIVIL ACTION NO. 2:06CV59
                                                            2:06CV63

ALPINE LAKE PROPERTY OWNERS'
ASSOCIATION, INC.,

    Defendant.

## ORDER

On December 17, 2007 Plaintiff filed his Petition To Appoint Mediator And Determine Mediation Location (Docket Entry 39 in 2:03CV59 and 63 and Docket Entry 19 in 2:06CV123). On December 20, 2007 Defendant filed its Memorandum Of Law In Opposition To Petition To Appoint Mediator And Determine Mediation Location (Docket Entry 40 in 2:03 CV 59 and 63 and Docket Entry 20 in 2:06CV123).

### Procedural History

This is in part a consolidated civil action[1]. Case No. 2: 06 CV 59 was filed June 12, 2006. In the complaint, Plaintiff Meyer seeks preliminary injunctive relief, declaratory judgment, the imposition of a constructive trust on real estate, and damages for alleged breach of a 1998 contract and a 1999 amendment to the 1998 contract. By Order dated August 1, 2006 Case No. 2:06CV59 was consolidated with Case No. 2:06CV63, with all future filings being docketed in 2:06CV59. (Docket Entry 15). By separate order dated June 20, 2006, the Court granted Plaintiff's request for a preliminary injunction. (Docket Entry 12).

---

[1] Civil Action 2:06cv59 and Civil Action 2:06cv63

By separate complaint filed in the Circuit Court of Preston County, West Virginia, therein named Plaintiff Alpine Lake Property Owners Association, Inc. brought a declaratory judgment action against Howard E. Meyer, Defendant seeking declaration of the parties rights under a 1998 contract. (Docket Entry 1). Plaintiff removed Case No. 2:06CV63 to this Court wherein it was consolidated with 2:06CV59.

Thereafter, on December 21, 2006 Plaintiff ,Howard E. Meyer, filed his complaint against Defendant, Alpine Lake Property Owners Association, Inc., seeking declaratory and permanent injunctive relief preventing Defendant from imposing property transfer fees. A review of the docket reflects that this action (2:06CV123) has not been consolidated with either of the two prior actions (2:06CV59 and 2:06CV63).

All three civil actions were referred to the Magistrate Judge by separate orders: 2:06CV123 for pre-trial development, disposition of non-dispositive matters, and report and recommendation relative to requests for injunctive relief (Docket Entry 4); 2:06CV59 for pre-trial development, disposition of non-dispositive matters, and report and recommendation relative to requests for injunctive relief (Docket Entry 7); and 2:06CV63 for pre-trial development and disposition of the motion to consolidate (Docket Entry 9).

An Amended Scheduling Order dated October 24, 2007 was entered in the consolidated cases (Docket Entry 38) and in case 2:06CV123 (Docket Entry 18) setting trial for July 8, 2008 and providing for mediation as follows: "The parties are hereby ORDERED to conduct private mediation on or before January 31, 2008. The parties may apply to the Court for a volunteer mediator or may hire a private mediator. Within ten (10) days of the conclusion of mediation, the mediator shall file with the Clerk's Office a *Mediation Report Form.* This form can be found at the Court's web page at www.wvnd.uscourts.gov under the "Forms" link. This form shall be filed with the Clerk's Office

where the presiding Judge sits."

## Contentions of the Parties

Meyer contends the Court should appoint a voluntary mediator to preside over mediation in Pittsburgh, Pennsylvania because he has severe back problems preventing his travel to the point of holding Court for mediation and telephonic participation is not an effective alternative. Alpine Lake Property Owners' Association, Inc., contend that there are seven (7) members of the governing board of the Association who would attend the mediation and to require them all to travel outside of the district wherein the litigation is pending is inconvenient and not practical. Alpine Lake Property Owners' Association, Inc. do not object to the Court appointing a voluntary mediator.

## Discussion

The Court's scheduling orders provide for either a privately hired mediator or a voluntary mediator. The apparent difference between the two is that the privately hired mediator is someone chosen and paid for by the parties embroiled in the present litigations and the voluntary mediator is someone the Court asks to serve as a mediator, presumably without cost to the parties.

Mediation is a procedure that has a proven track record of success in resolving civil disputes. It was pioneered in this District through the Settlement Week concept incorporated in Local Rule Civil Procedure 16.06.

While mediation is mandatory, settlement through mediation is not. In addition, no particular form of mediation is mandated. (see Local Rule Civil Procedure 16.07). All mediation must be entered into in good faith and requires a certain amount of give and take between the parties in order for positive results to be recognized. (see Local Rule Civil Procedure 16.06(C)(1) and (d). Historically, mediators involved in the settlement week process are attorney who volunteer their time to go to a particular point of holding court within the Northern District of West Virginia

(normally the point of holding court where the subject case has been assigned) for a mediation conference of two (2) hours, "although there may be instances when conferences will take more or less than that amount of time." Local Rule Civil Procedure 16.06(C)(1).

On August 7, 2006 the parties in 2:06CV59 participated in mediation before the Honorable David Ward Murphy. That mediation resulted in a purported settlement of the matters then in dispute. A dispute arose following the mediation with respect to what was contained in the settlement documents; whether the settlement documents were different from what was agreed to during the mediation; and whether there was authority for the settlement. As a result, Meyer filed his motion to enforce the settlement. Alpine Lake Property Owners' Association, Inc. responded to the motion. Meyer filed his reply to the response. By Report and Recommendation of the undersigned adopted by the District Judge over the objections of Meyer, the alleged settlement was rejected and the motion to enforce the same was denied. (2:06CV59 Docket Entries 19, 20, 21, 22, 23, 24, and 27).

The above activity when considered in the context of the present dispute points out the inability of the parties to achieve the most basic agreements necessary to a successful mediation process. If they cannot agree on the place for the mediation to be held, it is doubtful they can achieve a resolution of their more complex disputes.

Alpine Lake Property Owners' Association, Inc.'s assertion that all of the board must be present and participate in the mediation is a legitimate requirement particularly in light of the requirement that "[a]ttendance at the mediation conference is mandatory for counsel and the parties or their representatives who have full authority to make final and binding decisions, ...." Local Rule Civil Procedure 16.06(d). The failure of Alpine Lake Property Owners' Association, Inc. to have its full board at the mediation before the Honorable David Ward Murphy is part of the reason that

mediation process failed.

By the same token, Meyer, taking his counsel representations as fact, cannot be expected to suffer further injury or pain and suffering to travel to another location for a mediation.

Under the circumstances presented, it would matter not who the mediator was or whether the mediator was paid for by the parties or a volunteer facilitated by the Court. Without agreement where the mediation would occur, the process would be doomed to failure. Additionally, it must be noted that the Court's offer to appoint a voluntary mediator was made in the context of the local rules and presumed that the mediation would occur at the point of holding court wherein the cases are now pending in accord with prior custom and practice.

Accordingly, the Court declines to exercise its discretion to appoint a volunteer mediator, whether from the Northern District of West Virginia or from Pittsburgh, Pennsylvania, to preside over a mediation process between these parties in Pittsburgh, Pennsylvania and therefore DENIES Meyer's petition (Docket Entry 39 in 2:03CV59 and 63 and Docket Entry 19 in 2:06CV123).

Nothing in this Order shall be construed as preventing the parties from agreeing to a place for a mediator privately retained by them conducting mediation in accord with the requirements of the Court's prior scheduling orders.

It is so **ORDERED**.

The United States District Court Clerk for the Northern District of West Virginia is directed to docket this Order in 2:06CV59 and 2:06CV123 and to provide a copy of this order to counsel of record.

DATED: January 11, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE